**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Center for Biological Diversity, | ) | No. 09-CV-8011-PCT-PGR |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| United States Bureau of Land Management, et al., | ) | |
| Defendants. | ) | |

Currently before the Court is the request[1] by the parties to re-set a scheduling conference in this and the related case, The Wilderness Society v. U.S. Bureau of Land Management, Case No. 3:09-CV-08010-PGR (D. Ariz.). Also before the Court is the Motion for *Amicus Curiae* Status filed by Safari Club International ("SCI"). The Court reserved determination in the *amicus* matter until receiving notification regarding the matter of settlement. Upon receipt of this recent notification that settlement is no longer viable at this time, the Court has made its decision regarding the pending *amicus* motion. (Doc. 56.)

SCHEDULING CONFERENCE

The Court initially scheduled a case management conference in this case and in the related case, The Wilderness Society v. U.S. Bureau of Land Management, Case No. 3:09-CV-08010-PGR (D. Ariz.), for February 8, 2010. Prior to the conference, the parties initiated settlement discussions and filed a motion requesting that the Court postpone the

---

[1] Counsel is advised that said request should have been filed in the form of a motion.

conference to allow the parties time to make an initial determination as to whether they would engage in extended settlement negotiations. On January 29, 2010, the Court granted the parties' motion and ordered the parties to submit a status report regarding the settlement negotiations by March 8, 2010. The Court further ordered that, in addition to the status report, the parties should either request a stay to allow for extended settlement negotiations or, if the parties do not intend to engage in extended negotiations, submit a request to re-set the scheduling conference. On March 8, 2010, the Court granted the parties' joint motion to extend the deadline until April 8, 2010 to submit a request for stay or a request for a case management conference and revised case management report. On April 8, 2010, the parties filed the pending request that the Court set a scheduling conference, maintaining that "it does not appear that settlement is likely." Accordingly, a scheduling conference has been scheduled for **Monday, April 26, 2010, at 11:30 a.m.**

*AMICUS CURIAE*

In its Motion, SCI asserts an interest in hunting using lead ammunition and motorized vehicles in the Arizona Strip District, an area which includes the Grand Canyon-Parashant and Vermillion Cliffs National Monuments ("the Monuments"). SCI argues that the Court should allow it to participate in the case as an *amicus curiae* because its interests could be affected by this Court's rulings and its participation in the case may assist the Court's resolution of the pending legal claims. Defendants take no position on whether SCI should be granted status as an *amicus curiae*. However, Defendants request that the Court impose the same conditions on SCI's participation in this case as the Court imposed on the National Rifle Association's ("NRA") participation as an intervenor. In short, Defendants maintain that SCI should not be permitted to introduce extra-record materials or extraneous claims or

issues into the case.[2] Furthermore, they seek to limit SCI's role to filing responsive legal briefs addressing the positions of the parties.

A district court has broad discretion to permit individuals or entities to participate in a case as *amici curiae*. Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). An *amicus curiae* is not a party to the case. Miller-Wohl Co. v. Comm'r of Labor and Indus., 694 F.2d 203, 204 (9th Cir. 1982). Rather, the role of an *amicus curiae* is to provide assistance in a case of general interest, supplement the efforts of counsel in the case, and draw the court's attention to legal arguments that have escaped consideration. Id.; Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n, 801 F.2d 1120, 1125 (9th Cir. 1986).

SCI seeks to participate in this case "primarily to address the lead ammunition claim, but may also want to comment on the off-road vehicle ("ORV") issue, at least to the extent it implicates hunting interests." SCI maintains that it will "defend the Federal Defendants' decision to continue the use of traditional ammunition for hunting and to allow well-regulated use of ORVs in the Arizona Strip." It states that it may address the adverse impact that a decision against the Federal Defendants could have on hunting and conservation opportunities. SCI has interests and experience in the legal issues related to the reintroduction of threatened or endangered species and regarding the impact of such reintroductions on hunting and conservation efforts.

---

[2] More specifically, Defendants respond that the role of an *amicus curiae* should be even more limited than the role of an intervenor. They request that SCI's role be limited to filing responsive legal briefs that may assist the Court in resolving the issues before it and the filing of dispositive motions or raising new claims should be prohibited.

- 3 -

Defendants request that SCI should not be permitted to expand the scope of the current proceedings. The Court agrees. As an *amicus,* SCI will not be a party and will have a limited role in the litigation. Miller-Wohl Co., 694 F.2d at 204. SCI shall not be permitted to file pleadings, motions, or oppositions to motions, or otherwise participate in a manner reserved for the parties in the case. SCI may file responsive briefs aimed at aiding the Court in analyzing *relevant issues* that have not been emphasized by the parties, and based upon its special expertise, may explain the potential impact of decisions on a group. SCI is prohibited from filing duplicative arguments, as that will only serve to congest the court and waste valuable time and resources. As to the request that SCI should not be permitted to introduce extra-record materials outside of the administrative record prepared by the agencies, the Court agrees.[3]

Defendants further request that the Court limit SCI's role to the filing of supporting legal briefs addressing the positions of the parties. As stated above, SCI is limited to filing responsive briefs; however, the briefs will not be limited to what Defendants pose, "addressing the positions of the parties." SCI's participation in this matter is meant to provide the Court with special insight with regard to the relevant issues at hand. SCI is not permitted to expand the scope of the current proceedings. However, SCI does not work for and is not directly associated with the parties and therefore cannot be bound to addressing only the parties' positions. Furthermore, it is possible that SCI will shed light on matters that

---

[3] The Court notes that in its motion, SCI confirmed that it does not intend to file independent dispositive motions or raise new claims.

the parties themselves are not able to do and in a way that will aid the Court in resolving the pending matters.

Accordingly,

IT IS HEREBY ORDERED that a scheduling conference has been scheduled for **Monday, April 26, 2010, at 11:30 a.m.**, in Courtroom 601, Phoenix, Arizona.[4]

IT IS FURTHER ORDERED GRANTING SCI's Motion for *Amicus Curiae* Status. (Doc. 56.)

IT IS FURTHER ORDERED that SCI may file responsive briefs within the scope of the pending legal claims according to future briefing schedules.

DATED this 12th day of April, 2010.

Paul G. Rosenblatt
United States District Judge

---

[4] The parties are directed to Document 15 in 09-CV-8010 for more specific details regarding the scheduling conference. The Court notes that it has received the parties' Revised Joint Case Management Report.