**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity,<br><br>　　　　Plaintiff,<br>vs.<br><br>United States Bureau of Land<br>Management, et al.,<br><br>　　　　Defendants. | No. 09-CV-8011-PCT-PGR<br><br>**SCHEDULING ORDER** |

A Scheduling Conference having been held before this Court on Tuesday, May 18, 2010,

IT IS ORDERED that:

(1) Motions pursuant to Fed.R.Civ.P. 12(b), motions to amend pleadings, and motions to join additional parties shall be filed no later than **June 4, 2010.**[1]

(2) The parties shall exchange their respective initial disclosures, if any, pursuant to Fed.R.Civ.P. 26(a)(1), and file a notice of such exchange **no later than June 4, 2010.**

---

[1] In order to conserve scarce judicial resources, the parties are directed to **promptly inform the Court** if they are involved in negotiations which they reasonably believe may make the resolution of any pending motion unnecessary.

Counsel are advised that the Chambers' e-mail box, established pursuant to the Court's CM/ECF rules, is to be used solely for the purpose of sending proposed orders to the Court, and **is NOT to be used as a means of communicating with Chambers' staff.**

(3) The parties shall file **the administrative record no later than <u>June 4, 2010.</u>** The parties shall file the administrative record electronically and provide the Court with two copies on cd **no later than <u>June 4, 2010.</u>** When motions for summary judgment are filed, the parties shall provide courtesy hard copies of any referenced portion of the administrative record. The hard copies shall be submitted in three ring binders and include any relevant surrounding context and tables of context.

(4) The NRA, as Intervenor, may participate in the in all phases of the case, including the merits phase.[2]

(5) In the event the State of Arizona decides to file a Motion to Intervene, it shall file said motion no later than **<u>May 27, 2010.</u>** The response and reply to the motion shall be filed pursuant to the deadlines and parameters set forth in the local and federal rules of civil procedure.[3]

(6) After the Court's resolution of the Motion to File Amicus Curiae, **to which there are no objections**, and/or the Motion to Intervene (in the event that is filed), by the State of Arizona, the parties and any *amici* and intervenors are to confer with each other and **within <u>7 days</u>** of the Court's aforementioned resolution, submit a revised proposed briefing schedules for (1) challenges to the administrative record and (2) summary judgment motions.

---

[2] This is limited to claims four and five, as the NRA has maintained that it's interests lie only in those specific claims.

[3] To date, the State of Arizona has filed a Motion to File Amicus Curiae. However, in open court, counsel therefor represented that because of the State's interest in the case, it may file a Motion to Intervene. The Court will refrain from considering the Motion to File Amicus Curiae until the deadline has passed for the filing of a Motion to Intervene, as the latter will render the former moot.

(7) The Court **will not** entertain a judgment on the pleadings filed by Intervenor pursuant to Fed.R.Civ.P. 12(c), as any of the arguments made therein can be properly addressed in a motion for summary judgment. The Court agrees with both Plaintiff and Defendants that in the interest of judicial economy and in avoiding duplicative dispositive motions and unnecessary filings, the issues should be reserved for summary judgment.

(8) <u>The parties are cautioned that the deadlines set in this Preliminary Scheduling Order shall be enforced, and that **the Court will not entertain any stipulations to continue them - any request to extend any of the deadlines set herein must be made by means of a motion, joint or otherwise, and no such motion shall be granted unless very good cause is shown**</u>.

(9) The Court does not find that it is in the best interest of the cases or judicial economy to consolidate two cases that do not have the same claims, same Complaints, same Plaintiff's counsel, or intend to have joint filings. The cases are similar and do have similar claims, however, the risk of confusion outweighs the potential value of consolidation. The cases will remain on a related track which means they will have the same briefing schedule and deadlines. Accordingly, they are to confer with each other in proposing deadlines. *See supra*.

/ / /

/ / /

/ / /

(10) The Court will enter a subsequent Scheduling Order after resolving the State of Arizona's motion and after receiving the proposed revised briefing schedules.

DATED this 18th day of May, 2010.

_____
Paul G. Rosenblatt
United States District Judge

- 4 -